**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAGDEV SINGH, | No. 10-70922 |
| Petitioner, | Agency No. A096-495-155 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2014[**]
San Francisco, California

Before: WALLACE and BYBEE, Circuit Judges, and RESTANI, Judge.[***]

Jagdev Singh ("Singh"), a native and citizen of India, petitions for review of

a decision of the Board of Immigration Appeals ("the Board") adopting and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

affirming an immigration judge's ("IJ") denial of his claims for asylum, withholding of removal, and protection under the Convention Against Torture. The IJ denied Singh's claims based on a finding of lack of credibility and held in the alternative that even if Singh's testimony were credible, Singh would not be entitled to asylum or withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition on the basis of the IJ's adverse credibility determination.

To the extent the Board expressly adopts the IJ's findings and reasoning, we review the decision of the IJ as if it were that of the Board. Al-Harbi v. INS, 242 F.3d 882, 887 (9th Cir. 2001). In this pre-REAL ID Act[1] case, we review factual determinations, including credibility determinations, for substantial evidence. Chebchoub v. INS, 257 F.3d 1038, 1042 (9th Cir. 2001). We must affirm the denial of relief unless the evidence compels the conclusion that the petitioner is eligible for relief. See id.

The Board's affirmance of the IJ's adverse credibility determination was supported by substantial evidence. In particular, the IJ found that Singh's testimony did not ring true because Singh failed to mention eight additional arrests by the Indian police until cross-examination. This inconsistency with Singh's

_____

[1] REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231.

asylum application and direct testimony went "to the heart of the asylum claim" that the police persecuted him because they suspected he was involved with Sikh militants. See Mendoza Manimbao v. Ashcroft, 329 F.3d 655, 660 (9th Cir. 2003). The IJ and the Board were not required to accept Singh's explanations that he simply forgot to mention these incidents or failed to realize their importance. See Zamanov v. Holder, 649 F.3d 969, 974 (9th Cir. 2011) (IJ not compelled to accept applicant's explanation for failing to mention additional incidents in the "light of the importance of the omitted incidents"); Singh v. Holder, 643 F.3d 1178, 1182 (9th Cir. 2011) (even in cases not governed by the REAL ID Act, IJs may rely on common sense when making credibility determinations). Because Singh's testimony was essential to each of his claims, Singh's claims fail. See Farah v. Ashcroft, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**PETITION DENIED.**